BOYD v. MARONEY et al.—95 S. W. (2d) 1272.

Eastern Section. November 30, 1935.

Petition for Certiorari denied by Supreme Court, May 16, 1936.

Peace & Sloan, of Madisonville, and Sizer, Chambliss & Kefauver, of Chattanooga, for appellant.

Grimm & Tapp, of Knoxville, for appellee.

PORTRUM, J. The complainant below, Sallie Rebecca Boyd, is the executrix of the estate of Ole Bull Jones, deceased, and he was the son of Margaret W. Jones, deceased, and he had purchased from his mother her 1,000-acre farm in Monroe county for the consideration of $1,000 cash and a note for $39,000, dated December 17, 1919, and due fifteen years from date (December 17, 1934),

without interest. He went into possession of this farm and operated it, but his mother continued to live upon it. She executed a warranty deed covenanting against encumbrances, but there was in fact an encumbrance of $10,000 which she had borrowed from an insurance company and given to another of her sons. (We should have stated this note was payable on or before fifteen years from date.) The following credits appear upon this note: August 2, 1921, $6,500; June 14, 1923, $9,605.16; October 23, 1923, $1,400; March 7, 1924, $1,370. Mrs. Margaret W. Jones died in 1925, leaving a will in which Ole Bull Jones was named as her executor. Her estate consisted of personal property, being household furniture of small value, a small balance in the bank, and other effects of small consequence, and the $39,000 note, all of which went into the hands of her executor.

Soon after the death of Mrs. Jones some of her children filed a bill against Ole Bull Jones contesting the credits upon this $39,000 note, and praying that the note be sold before maturity for division. In this cause Ole Bull Jones satisfactorily established the credits appearing upon the note and especially the credit of $9,605.16. This payment was made to take up the aforementioned mortgage and Mrs. Jones entered into the following agreement in reference thereto:

"Received of Ole Bull Jones the sum of $9,605.16. The said mentioned sum was used to pay off the mortgage in favor of the Union Central Life Insurance Company, and the balance, a small portion for incidental expenses, and

"Whereas, the said $9,605.16 I have this day credited that sum on a note due me by Ole Bull Jones, but, whereas, the said note of Ole Bull Jones due myself does not draw interest and will not be due for several years, but

"Whereas, said Ole Bull Jones has advanced and paid for me the above mentioned sum when he was not really due to pay anything at this time.

"Now, therefore, I hereby agree and bind myself, my assigns and executor to pay the sum of 6% interest fom this date on the $9,605.16; said interest to be paid annually."

The case was styled Moultrie Jones versus Ole Bull Jones et al., and the case was appealed to the Court of Appeals,[1] and the Appeals Court adjudicated that the credits appearing upon the note were bona fide, and also that Ole Bull Jones was entitled to 6 per cent. per annum upon the $9,605.16. This question of interest upon the payment was at issue in the case, and the adjudication is equivalent to an adjudication of an additional credit of the interest upon the

[1]Not for publication.

note; otherwise, the adjudication would have been foreign to the inquiry. It follows that from the date of the final adjudication in the case, Ole Bull Jones was entitled to enter an additional credit upon the note representing the interest upon the payment; and this could have been done at any time by a simple calculation determining the cash value of the payment at the date of the payment, and without waiting for the annual interest to accrue.

After the institution of this suit, Ole Bull Jones filed an inventory as executor of the estate of his mother, setting out the amount realized from the sale of her personal property, the amount in bank, and the $39,000 note, which constituted the assets of the estate; he then listed liabilities of the estate, among which were claims advanced by him as liabilities of the estate. He states therein that a settlement of his executorship was impossible at that time because of the pendency of the suit against him, which sought the adjudication of the credits placed upon the note. This inventory bears the indorsement "Examined and approved by the undersigned, this 30th day of December, 1927. W. H. Hall, Deputy Clerk."

Listed as a liability is this entry: "To Ole Bull Jones for interest on payment made to Union National Bank for $1360.03 on April 3, 1923 to April 25, 1925, the date of death of Mrs. Margaret W. Jones $167.52." (This appears to be an entry charged upon the credits made upon the above note March 7, 1924, of $1,770, perhaps upon the theory that if the payee of the note is entitled to charge interest upon the $9,000 payment, he would be entitled to interest upon the $1,370 payment. This charge is not explained. There was a contract to pay interest upon the $9,000 credit but none to pay interest upon any other credit, and the note was payable on or before the due date.)

Another liability was listed as follows: "To amount due Ole Bull Jones for corn fed to hogs belonging to Mrs. Margaret W. Jones in 1924 and 1925, $422.50."

There was no attempt to prove this item of liability except the introduction of the inventory, and it is insisted that this inventory and its approval by the clerk establishes the justness of the claim.

After the filing this inventory, Ole Bull Jones died. He left a will naming the chief beneficiary Sallie R. Boyd as executrix of his estate, and she qualified as such. A sister of Jones, Mrs. Diva Jones Maroney, then qualified as an executrix with the will annexed of the estate of her mother, Margaret W. Jones. No attempt was made to settle up these two estates prior to the maturity of the $39,000 notes. This note matured December 17, 1934.

On December 14, 1934, the complainant, Sallie R. Boyd, filed the original bill in this cause, and she tendered into the registry of

the court the sum she was willing to concede as due upon the $39,000 note, provided she was not further harassed by litigation. She recites the many lawsuits that Ole Bull Jones and his estate had been involved in with reference to this transaction, and then alleges:

". . . and with the sincere desire to avoid further litigation including the inconvenience, annoyance, trouble, and expense incident thereto, complainant tenders with her bill and pays into the registry of the court in this cause the sum of $13,497.28 in compromise and full settlement of all matters pertaining to said note, upon the condition precedent that complainant waives none of her rights or renders such said items of $330.01, $167.72, $422.50, and the compensation of Ole Bull Jones, Executor of the Estate of Margaret W. Jones for his services as such, in the event said compromise tendered as thus made is not accepted without further annoyance, inconvenience, expense, controversy or litigation."

Before making this tender she had deducted the sum of $6,627.56 which represents interest upon the payment of June 14, 1923, of the sum of $9,605.16 in accordance with the contract as above copied. She claimed as a further credit, in event the defendant did not accept the tendered sum, the item designated in her tender as above copied.

The defendant answered the bill and averred that the above-quoted contract contemplated the payment of interest annually, and that the said interest payment became due and payable each year and constituted an independent cause of action which could have been sued upon, and therefore these respective causes of action were barred by the statutes of limitation, and she pleads the ten, seven, and two years' statutes of limitation (Code 1932, sections 8601, 8610, 8597), and also the eighteen months' statute of limitation (Code 1932, section 8608). She further contests, as a credit upon the note, the items of liability due Ole Bull Jones as listed by him in his aforesaid inventory. The inventory was introduced, but no other proof was taken to establish these items of liability against the estate of Mrs. Jones. The defendant insists that this is not proof of the justness of these claims.

The chancellor decreed in favor of the complainant, holding that she was entitled to a credit upon the note for the sum of $6,-627.56 as interest aforesaid, and that she was further entitled to a credit of the items listed in the inventory and of $500 as compensation to Ole Bull Jones as executor, and of the money paid into court he ordered that the sum of $850.48 be repaid her. From this decree the defendant has appealed.

The first assignment of error attacks the decree in not sus-

taining the statute of limitations upon the credit of interest. We have referred to the fact that the question of the right to credit this interest has been adjudicated, and that the only failure was to enter the credit upon the note after the adjudication, but without reference to this adjudication it is proven that Ole Bull Jones and his mother had agreed that the interest payments should be credited upon the note, and it is shown that he did not expect her to pay the interest in cash for he was furnishing her with money for her personal use. Since it was so agreed, then the entry of credit could have been made upon the note at any time upon the basis of its cash value at the date of the entry. This agreement superseded the yearly cause of action, and there being no causes of action, the statutes of limitation have no application. The failure to enter the credits upon the note according to the contract does not affect the rights of the parties. We think the chancellor correct in allowing this credit, and this assignment of error is overruled.

The credits allowed as claims established by the inventory, and the executor's compensation are attacked and appropriate assignments of error filed, first, upon the ground that the items are not proven, and, second, that the executor was not entitled to compensation, it not appearing that he intended to charge compensation. ■■ The court is of the opinion that these assignments of error should be sustained and these credits disallowed. Without reference to the legal right, it is inequitable to enforce them under the state of this record. Counsel representing the complainant say that she was attempting to buy her peace by paying in more than was really due, as a tender, but this was not the sole purpose of the tender. The note provided for 10 per cent. attorney's fee if placed in the hands of any attorney for collection, and by making the tender, the complainant avoided payment of more than $1,200 as attorney's fee. She had a right to do this and avoid payment of the attorney's fee so long as she tendered an amount sufficient to cover the demand. Fourth National Bank v. Stahlman, 132 Tenn., 367, 393, 178 S. W., 942, L. R. A. 1916A, 568. But she could not make a tender and then start a contest to recover a part of the tendered sum and at the same time escape payment of the attorney's fee; by this conduct she assumed an inconsistent position, and having taken a stand and paid in the money, she should not have been permitted to litigate further in an attempt to recover a part of the money paid in. She may be able to show by competent proof that she is entitled to these credits as executor, but this necessitates a reference and protracted litigation, and it is to cover such a contingency that the contract is made to pay attorney's fees in case of litigation. The tender was made, and under these circumstances,

we think it inequitable to permit the complainant to withdraw any of the tendered sum. For this reason the decree of the lower court is modified and the sum of $850.48 ordered repaid to the complainant is ordered paid to the defendant. The cost of the appeal is divided equally between the parties.